IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00407-KDB-DCK

| | |
|---|---|
| JAMAAL GITTENS, | |
| Plaintiff, | |
| v. | **ORDER** |
| STEVEN HIGDON, ET AL., | |
| Defendants. | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). For the reasons discussed below, the Court will GRANT the Motion for the limited purpose of conducting an initial review but DISMISS Plaintiff's Complaint without prejudice after conducting that review.

**I.      Plaintiff's Motion to Proceed IFP**

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that [s]he is unable to pay the costs of a lawsuit." *Id*. In his IFP motion, Plaintiff states that his expenses exceed his take-home pay and that he does not have assets that would allow him to pay for these proceedings. *See* Doc. No. 2.

Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

1

## II.     Initial Review

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Here, Plaintiff has sued two North Carolina state court judges and a "District attorney" alleging that he was deprived of rights granted by the United States Constitution because he was held in contempt and subject to a "kangaroo court" related to a traffic ticket he received. He claims to have suffered emotional distress and humiliation and seeks "10 million dollars in punitive damages." *See* Doc. No. 1.

The Court finds that Plaintiff's Complaint fails a frivolity review. Even putting aside the outsized claim of "ten million dollars" in punitive damages, the claims against the North Carolina judges cannot proceed because the Court lacks subject matter jurisdiction over claims between a plaintiff and a judicial defendant where a judge acts in his adjudicatory capacity. *Frazier v. Prince George's Cnty., Maryland*, No. 24-1380, 2025 WL 1699114, at *3 (4th Cir. June 18, 2025). In *Frazier*, the Fourth Circuit very recently explained that when, as in this case, a judge adjudicates a matter by "finding facts and determining law in a neutral and impartial judicial fashion," there is "no justiciable controversy" between the plaintiff and the judicial defendant. *Id*. In the absence of

2

a viable "case or controversy" the Court lacks jurisdiction. *Id*. (citing *Flast v. Cohen*, 392 U.S. 83, 94 (1968)). Although the Court well understands that Plaintiff vehemently disagrees with the state court's judicial decisions to hold him in contempt and otherwise handle his traffic matter, all of the judges' alleged wrongful conduct reflects "function[s] normally performed by a judge" and thus does not create an Article III case or controversy between Plaintiff and the defendant judges. *Id*. (quoting *Reule v. Jackson*, 114 F.4th 360, 366 (5th Cir. 2024)).[1]

Plaintiff's claims against the District attorney prosecutor also cannot proceed as a matter of law. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993)). Further, within the statute providing for proceedings in forma pauperis, 28 U.S.C. § 1915(e)(1)(B)(iii) makes clear that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal--seeks monetary relief against a defendant who is immune from such relief." Therefore, the Court must also dismiss Plaintiff's claims against the District attorney in connection with prosecuting the State's case against him.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP motion (Doc. No. 2) is **GRANTED** for purposes of this Order**;**

---

[1] In *Frazier*, the court noted that the conclusion that there is no justiciable controversy between the plaintiffs and the judicial defendants does not leave the plaintiffs without a remedy against potentially unlawful judicial conduct. When a party believes that a judge has violated their rights while acting in an adjudicative capacity, "the traditional remedy has been some form of appeal" rather than a lawsuit against the judge. *Id*. (citing *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)).

2. Plaintiff's Complaint is **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 1, 2025

Kenneth D. Bell
United States District Judge